# United States District Court
## Eastern District of Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | JUDGMENT IN A CRIMINAL CASE |
| REBECCA J. ALLEN | CASE NUMBER: 4:11CR00352JCH - 5 |
| | USM Number: 38863-044 |
| THE DEFENDANT: | Joan K. Miller |
| | Defendant's Attorney |

☒ pleaded guilty to count(s)  one and six of the indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Unauthorized Use of an Access Device, Identity Theft, Bank Fraud, and Misuse of a Social Security Number | August 16, 2011 | One |
| 18 USC 1028(a)(7) and 2 | Fraud With Identification Documents | August 16, 2011 | Six |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 2, 2012
Date of Imposition of Judgment

_Jean C. Hamilton_ (signature)
Signature of Judge

Jean C. Hamilton
United States District Judge
Name & Title of Judge

March 2, 2012
Date signed

DEFENDANT: REBECCA J. ALLEN
CASE NUMBER: 4:11CR00352JCH - 5
District: Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  21 months

This term consists of a term of 21 months on each of counts one and six, such terms to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

defendant be evaluated for participation in substance abuse treatment, mental health treatment, and an educational program, if this is consistent with the Bureau of Prisons policies.

defendant be placed in a facility as close to the metropolitan St. Louis, MO area as possible

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./pm on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal
   ☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

DEFENDANT: REBECCA J. ALLEN
CASE NUMBER: 4:11CR00352JCH - 5
District: Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   3 years

This term consists of a term of three years on each of counts one and six, such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: REBECCA J. ALLEN
CASE NUMBER: 4:11CR00352JCH - 5
District: Eastern District of Missouri

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

The defendant shall participate in a substance abuse treatment program approved by the probation office, which may include substance abuse testing, counseling, Residential Re-entry Center placement, residential or inpatient treatment. The defendant shall pay for the costs associated with substance abuse services based on a co-payment fee established by the probation office.

The defendant shall participate in a mental health program approved by the probation office. The defendant shall pay for the costs associated with services provided based on a co-payment fee established by the probation office.

The defendant shall participate in a cognitive behavioral treatment program as directed by the probation office. The defendant shall pay for the costs associated with these services based on a co-payment fee established by the probation office.

The defendant shall participate in a financial education program to enhance financial skills as directed by the probation office. The defendant shall pay for any costs associated with these services based on a co-payment fee established by the probation office.

The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation office so long as there is a balance on the Courtimposed financial obligation.

The defendant shall provide the probation office and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

The defendant shall apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Courtordered financial obligation. The defendant shall immediately notify the probation office of the receipt of any indicated monies.

The defendant shall participate in a vocational services program, which may include job readiness training and skills development training, as directed by the probation office. The defendant shall pay for the costs associated with these services based on a co-payment fee established by the probation office.

DEFENDANT: REBECCA J. ALLEN
CASE NUMBER: 4:11CR00352JCH - 5
District: Eastern District of Missouri

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 |  | $45,543.83 |

☐ The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Commerce Bank, Attn.: Terri Caputa, Re: Whitiker et al Restitution, 8000 Forsyth, Suite 1110, St. Louis, MO 63105-1797 |  | $7,559.00 |  |
| First Community Credit Union, Attn.: Andrea Nichols, ODP, Manager, Re: Whitiker et al Restitution 17151 Chesterfield Airport Rd. Chesterfield, MO 63005 |  | $5,000.00 |  |
| Citigroup, Attn.: Richard Bentz, Investigator, Re: Whitiker et al Restitution, 50 Northwest Point Blvd. Elk Grove Village, IL 60007 |  | $259.67 |  |
| Non - Public Restitution |  | $32,725.16 |  |
| Totals: |  | $45,543.83 |  |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived for the.   ☐ fine   ☒ restitution.

☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: REBECCA J. ALLEN
CASE NUMBER: 4:11CR00352JCH - 5
District: Eastern District of Missouri

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of  $45,743.83  due immediately, balance due

      ☐ not later than _____ , or

      ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

C  ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time: or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

**Special Assessment of $200.00 due immediately. Restition ordered in amount of $45,543.83 shall be paid as set out on page 7 of this judgment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

This obligation is joint and several with James Whitiker, Earl Maurice Johnson, Yasmin Lesane, Christina Rossi, and Kimberly Elizabeth Hemman in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:  REBECCA J. ALLEN
CASE NUMBER:  4:11CR00352JCH - 5
District:   Eastern District of Missouri

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

FURTHER ORDERED that pursuant to 18 U.S.C. § 3663A, for each of counts one and six, the defendant shall make restitution in the total amount of $45,543.83.

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $100, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

It is recommended that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.

Payments of restitution shall be made to the Clerk of the Court for transfer to the victims. It is recommended that the interest requirement for the restitution be waived.



DEFENDANT: REBECCA J. ALLEN
CASE NUMBER: 4:11CR00352JCH - 5
USM Number: 38863-044

# UNITED STATES MARSHAL
# RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

☐ The Defendant was released on _____ to _____ Probation

☐ The Defendant was released on _____ to _____ Supervised Release

☐ and a Fine of _____ ☐ and Restitution in the amount of _____

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____